UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LEE VARNUM,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RICHARD KIRKLAND,<br><br>　　　　Respondent. | No.  2:04-cv-2659 GEB CKD P (TEMP)<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner is a state prisoner proceeding pro se with a motion for relief from judgment denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner filed a habeas petition in this court on December 14, 2004.  (ECF No. 1.)  On December 16, 2008, United States Magistrate Judge Charlene H. Sorrentino issued findings and recommendations which recommended that petitioner's habeas petition be denied.  (ECF No. 23.)  By order dated January 21, 2009, those findings and recommendations were adopted by the assigned district judge and judgment was entered accordingly.  (ECF No. 25, 26.)  Subsequently, a certificate of appealability was issued by the district court on petitioner's claim that his confession was unconstitutionally admitted into evidence at his trial.  (ECF No. 29.)

　　　　Petitioner filed a timely notice of appeal, claiming that the state court's denial of his motion to suppress his confession violated his Fifth Amendment right to remain silent and his right to counsel.  (ECF No. 38.)  Petitioner's request for the appointment of counsel was granted

1

and counsel was appointed to represent him. (ECF No. 37.) By order dated April 29, 2011, the appellate court rejected petitioner's arguments and affirmed his judgment of conviction. (ECF No. 38.)

Now before the court is petitioner's August 19, 2015, motion for relief from judgment pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). For the following reasons, the court construes petitioner's motion as a successive habeas petition and will recommend that the successive petition be dismissed.

**I. Discussion**

In his habeas petition before this court petitioner claimed that his privilege against self-incrimination and his right to counsel were violated during a police interrogation, resulting in an involuntary confession that was improperly admitted into evidence at his trial. (ECF No. 23 at 1.) The California Court of Appeal described the pertinent facts surrounding petitioner's confession, as follows:

> Defendant was arrested and transported by a Klamath County deputy sheriff to the sheriff's station where Detective Sergeant Villani of Siskiyou County was waiting. Villani was informed of defendant's statement that the detectives could talk to his lawyer. Earlier Krieger had arrested defendant on charges of child abuse, and that there was "bad blood" between the two of them. Villani questioned defendant to clarify whether he was refusing to talk with the Siskiyou County detectives or just the Oregon detectives. Villani explained to defendant that the Siskiyou County detectives were not investigating the child abuse charges, they just wanted to talk about Rasdal's murder. Defendant told Villani that his father said he should not say anything without an attorney. Villani informed the defendant that it was his right, not his father's. Defendant then agreed to talk to the Siskiyou County detectives, and Villani read defendant his Miranda rights. (Miranda v. Arizona (1966) 384 U.S. 436, 444-445 [16 L.Ed.2d 694, 706-707].) Defendant waived his rights and gave a statement.

People v. Varnum, No. C042701, 2004 WL 1179318, at *1-2 (Cal. Ct. App. May 27, 2004).

In his Rule 60(b) motion, petitioner argues that the Ninth Circuit decision in Sessoms v. Grounds, 776 F.3d 615 (9th Cir. 2014), cert. denied sub nom. Arnold v. Sessoms, ___ U.S. ___, 136 S. Ct. 80 (2015), supports his habeas claim that his confession was involuntary and requires that his habeas petition be granted. In Sessoms, the Ninth Circuit concluded that petitioner had invoked his right to counsel under the following circumstances:

> In late 1999, a naive and relatively uneducated nineteen-year-old Tio Sessoms sat alone in an eight-by-ten foot interrogation room. Four days earlier, on the advice of his father, Sessoms had turned himself in to the police. Before doing so, Sessoms's father told his son: you must ask for a lawyer before talking to the police.
>
> Sessoms followed his father's advice. When the two police detectives entered the interrogation room, Sessoms sat slouched in his chair. He looked up, and they exchanged brief pleasantries. Sessoms was unfailingly polite, even saying he was glad the detectives "had a safe flight." Forty seconds after the detectives entered the room, the following exchange occurred:
>
> Sessoms: There wouldn't be any possible way that I could have a— a lawyer present while we do this?
>
> Det. Woods: Well, uh, what I'll do is, um—
>
> Sessoms: Yeah, that's what my dad asked me to ask you guys . . . uh, give me a lawyer.

Sessoms, 776 F.3d at 617-18. Petitioner argues that he is entitled to relief under Rule 60(b) because the facts in Sessoms are "indistinguishable" from the facts of his case. He contends that his habeas petition should be granted because "the decision made in Sessoms v. Grounds . . . is contrary to the decision made by this court in the instant case." (ECF No. 40 at 3.) He also argues that "in light of [the decision in Sessoms], the District Court's denial of Petitioner's Writ of Habeas Corpus is based upon an unreasonable application of clearly established Supreme Court precedent . . . and based upon an unreasonable determination of the facts." (Id. at 13.) In the traverse, petitioner argues that because the facts in Sessoms and this case are "materially indistinguishable," this court's judgment denying his habeas petition "is no longer equitable." (ECF No. 45 at 5.) In essence, petitioner is arguing that the decision in Sessoms constitutes a subsequent clarification to the substantive law governing his habeas claim which requires that his habeas petition be granted.

**II. Legal Standards**

"Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules." Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (footnote omitted) (citing 28 U.S.C. § 2254 Rule 11 & Fed. R. Civ. P. 81(a)(2)). Rule 60(b)

provides for relief on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Motions seeking such relief are addressed to the sound discretion of the district court.  Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).  Petitioner explains that his motion for relief from relief from judgment is based on Rule 60(b)(5) and (6) because "applying the judgment prospectively it is no longer equitable."  (ECF No. 40 at 15.)

In his opposition, respondent argues that petitioner's motion is an unauthorized successive petition.  (ECF No. 44 at 2.)  This court agrees.

In Gonzalez, the Supreme Court held "a Rule 60(b) motion" in which petitioner argues "that a subsequent change in substantive law is a 'reason justifying relief'" from a judgment denying an application for federal habeas relief, "is in substance a successive habeas petition and should be treated accordingly."  545 U.S. at 531 (emphasis added).  The Supreme Court reasoned that otherwise, "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent [28 U.S.C.] § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is a 'new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"  Id. at 531-32.  Moreover, the Supreme Court in Gonzalez observed that allowing a habeas petitioner to use Rule 60(b) to assert a claim based on an intervening change in the law "would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar."  Id. at 532 (citing 28 U.S.C.§ 2244(b)(3)).

Under the holding in Gonzalez, the undersigned finds petitioner's Rule 60(b) motion is "in substance a successive habeas petition."  545 U.S. at 531.  Since petitioner's successive habeas

petition asserts that his confession was wrongfully admitted into evidence at his trial because it violated his right to counsel and to remain silent – the same claim presented in petitioner's "prior application" – the undersigned recommends that this successive habeas petition "be dismissed." 28 U.S.C. § 2244(b)(1).  If petitioner wishes to file a second or successive 28 U.S.C. § 2254 petition, he must first move the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider that petition.  28 U.S.C. § 2244(b)(3).  Any such motion would be required to meet the requirements set forth in 28 U.S.C. § 2244(c).

**II. Conclusion**

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's filing submitted as a Rule 60(b) motion be deemed in substance an unauthorized successive application for a writ of habeas corpus and therefore be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  January 25, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Varnum2659.frs (du)